**Opinion issued August 20, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00753-CR

———————————

**BRANDON JAMES JOSEPH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1255839**

---

## MEMORANDUM OPINION

Appellant, Brandon James Joseph, pleaded guilty, without an agreed recommendation from the State regarding punishment, to the offense of aggravated robbery with a deadly weapon, namely, a firearm. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). The trial court deferred adjudication of appellant's guilt and

placed him on community supervision for five years. The State subsequently moved for adjudication, alleging that appellant had violated the conditions of his community supervision by, inter alia, committing a new violation of the law. At the hearing on the motion, appellant pleaded true to the allegation. The trial court found the allegation true, found appellant guilty of the underlying offense, and assessed punishment at confinement for 18 years. The trial court entered an affirmative finding on the use or exhibition of a deadly weapon.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that, therefore, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See id.*; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel's brief reflects that she delivered a copy of the brief to appellant and has informed him of his right to examine the appellate record and to file a

response.  *See Schulman*, 252 S.W.3d at 408.  Appellant has filed a pro se response.  The State filed a waiver of its opportunity to file an appellee's brief.

We have independently reviewed counsel's brief, appellant's pro se response, and the entire record.  We conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155.  An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]   Attorney Patricia Segura must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

---

[1]   Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).